**FILED**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FEB 2 9 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

|  |  |
|---|---|
| STANLEY E. BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No.    08 0375 |
| | ) |
| WILLIAM K. SUTER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the Court for consideration of plaintiff's application to proceed *in forma pauperis* and *pro se* complaint. The Court will grant the application and dismiss the complaint.

Plaintiff, who describes himself as a "Political Prisoner, a Black African American," alleges that he is "Presently being Illegally Detained and Unlawfully Restrained" at a Pennsylvania correctional institution. Compl. at 5. Generally, he appears to allege that the defendants conspired to effect his conviction of crimes he did not commit, and thereafter to deprive him of his liberty.

The Clerk of the Supreme Court is the designated recipient of all documents filed with the Supreme Court, and is authorized to reject any filing that does not comply with the applicable rules and orders. *See* Sup. Ct. R. 1. This Court has no authority to determine what action, if any, action must be taken by the Justices of the Supreme Court and the Supreme Court's

1

administrative officers with respect to plaintiff's appeals. *See In re Marin*, 956 F.2d 339, 340 (D.C. Cir.), *cert. denied*, 506 U.S. 844 (1992). To the extent that he seeks this Court's review of decisions rendered by the United States District Court for the Eastern District of Pennsylvania, this Court has no such jurisdiction. Rather, the courts of appeals "shall have jurisdiction of appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291.

It is settled that judges enjoy absolute immunity from liability for damages for acts committed within their judicial jurisdiction, *see Mirales v. Waco*, 502 U.S. 9 (1991), and prosecutors generally are immune from suit when they act within the scope of their duties in pursuing a criminal prosecution. *See Imbler v. Pachtman*, 424 U.S. 409 (1976).

Finally, insofar as plaintiff demands monetary compensation, absent a showing that his conviction or sentence is invalid, he cannot recover damages in this action. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *accord White v. Bowie*, 194 F.3d 175 (D.C. Cir. 1999) (table).

The Court will dismiss this action for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915A(b). An Order consistent with this Memorandum Opinion will be issued separately on this same date.

United States District Judge

Date: 2/15/08

2